NO. 07-03-0110-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 24, 2003

_____

RENE DANIEL SANDOVAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2112; HONORABLE GORDON H. GREEN, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

ON ABATEMENT AND REMAND

Appellant Rene Daniel Sandoval appeals from a conviction in the 287th District Court of Bailey County, Texas (the trial court).  The trial court clerk's record and court reporter's record have been filed with the appellate clerk.

Appellant has filed motions and correspondence seeking (1) dismissal of his appointed appellate counsel, (2) appointment of alternate appellate counsel or leave to

appear on appeal *pro se*, and (3) permission to file a *pro se* brief and to amend the brief. In the motion to dismiss current appellate counsel, appellant alleges matters that evidence a possible conflict between appellant and his attorney.

Although appellant does not have a right to file *pro se* documents while being represented by counsel, see Landers v. State, 550 S.W.2d 272, 279-80 (Tex.Crim.App. 1977), we deem certain allegations in appellant's motions and correspondence to warrant consideration before his appeal proceeds. Accordingly, pursuant to TEX. R. APP. P. 2 , this appeal is abated and the cause is remanded to the trial court. Upon remand, the judge of the trial court is directed to cause notice to be given of and to conduct a hearing to determine whether present appointed counsel should be dismissed as previously requested by appellant; if present counsel should be dismissed, whether new counsel should be appointed to represent appellant, or, if appellant desires to proceed *pro se* on the appeal, whether appellant has made a knowing and voluntary decision to waive his right to counsel and to represent himself on appeal. If the trial court determines that appellant has made a knowing, voluntary decision to waive his right to counsel and to represent himself on appeal, then the trial court should discharge appellate counsel from any further obligations to appellant. If the trial court determines that appellant has not made a knowing, voluntary decision to represent himself on appeal, then the trial court should enter orders and make recommendations appropriate to continued prosecution of appellant's appeal based on the evidence presented at the hearing, and on its findings and conclusions therefrom.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) enter any orders appropriate, based on its findings and conclusions; (4) cause the hearing proceedings to be transcribed and included in a reporter's record; and (5) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than August 22, 2003.

The appellate clerk is directed to immediately furnish copies of the documents previously filed by appellant acting *pro se* to the trial court, the State's attorney for the 287th District Court and to current appellate counsel for appellant.

Per Curiam

Do not publish.